IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| EMMIT BRAGER #311725 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv700 |
| STATE OF TEXAS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Relator Emmit Brager, proceeding *pro se*, filed this civil action under the All Writs Act, 28 U.S.C. §1651, asking that this Court order the 3rd Judicial District Court of Anderson County, Texas to vacate a judgment of conviction in cause no. 20860. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The judgment of conviction was rendered on May 26, 1993. Brager has already challenged this conviction unsuccessfully through a federal habeas corpus petition. Brager v. Director, TDCJ-CID, civil action no. 6:98cv734 (E.D.Tex., dismissed April 27, 1999, *aff'd by denial of certificate of appealability* February 25, 2000). Brager now contends that this conviction violates federal law because he had filed a petition for removal of the prosecution to federal court, but the conviction was handed down before the removal petition was ruled upon. He asks that the Court issue all writs necessary which will requre the state court to vacate its judgment of conviction.

After review of the pleadings, the magistrate judge issued a report recommending that Brager's petition be denied. The magistrate judge interpreted Brager's petition as seeking issuance of the writ of mandamus and determined that the federal district courts do not have jurisdiction to issue the writ of mandamus against state officers or agencies.

In his objections, Brager asserts that he was not seeking the issuance of a writ of mandamus, but that he was proceeding under the All Writs Act. He states that "this court has the authority and power, under Title 28 U.S.C. sec. 1651, to cause the state court to recall its judgment of conviction."

Because Brager sought issuance of a writ commanding that certain action be taken, the magistrate judge did not err in construing it as a request for the writ of mandamus. *See* Cross v. Texas, 508 F.App'x 290, 2013 WL 174242 (5th Cir., January 16, 2013) (district court did not err in construing request for order directing state court to provide petitioner with records as mandamus petition and dismissing such request for want of jurisdiction); Gowan v. Keller, 471 F.App'x 288, 2012 WL 1946834 (5th Cir., May 30, 2012) (request for order directing state court to perform certain duties was properly construed as seeking mandamus relief).

In any event, the All Writs Act, 28 U.S.C. §1651, is a source of authority for issuing writs in situations not covered by statute. Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467 (1996). Because there is statutory authority for challenging a state conviction and sentence in federal court, through the writ of habeas corpus, the All Writs Act is not available to Brager. *See* Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 361 (1985); Morrow v. Vasquez, civil action no. 1:13cv123, 2013 WL 1767781 (E.D.Tex., March 25, 2013), *report adopted by* 2013 WL 1767779 (E.D.Tex., April 23, 2013). Brager's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Brager objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Relator's objections are without merit. It is accordingly

**ORDERED** that the Relator's objections are overruled and the report of the magistrate judge (docket no. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So ORDERED and SIGNED this 11th day of March, 2015.

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**